IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-046-FDW-DCK

| | |
|---|---|
| ROBERT W. BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

THIS MATTER is before the Court on Plaintiff's Motion For Summary Judgment (Doc. No. 11) and Defendant's Motion For Summary Judgment (Doc. No. 13). This case has been assigned to the undersigned United States District Judge. After careful consideration of the written arguments, the administrative record, and applicable authority, the Court GRANTS in part and DENIES in part Plaintiff's Motion For Summary Judgment; DENIES Defendant's Motion For Summary Judgment; and REMANDS the Commissioner's decision.

## I. BACKGROUND

Plaintiff Robert W. Barnes ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Doc. No. 1). On August 2, 2011, Plaintiff filed an application for a supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning July 1, 2007. (Transcript of the Record of Proceedings ("Tr.") 21, 218-224). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on January 9, 2012, and again after reconsideration on May 10, 2013. (Tr. 21,

156-160, 164-168). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling.
> In order to evaluate the claim, specific medical evidence was needed. However, we were unable to obtain this evidence because the examination we scheduled was not completed.
> It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 164).

Plaintiff filed a timely written request for a hearing on May 14, 2013. (Tr. 21, 169-171). On November 7, 2014, Plaintiff appeared and testified at a hearing before Administrative Law Judge Wendell M. Sims ("ALJ"). (Tr. 21, 42-81). In addition, Robert E. Brabham, Jr., a vocational expert ("VE"), and Daniel A. Bridgman, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on January 28, 2015, denying Plaintiff's claim. (Tr. 21-34). On or about February 16, 2015, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on December 6, 2015. (Tr. 9-11, 15). The January 28, 2015 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 9).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on January 28, 2016. (Doc. No. 1). Plaintiff's Motion For Summary Judgment (Doc. No. 11) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Doc. No. 12) were filed June 9, 2016; and Defendant's Motion For Summary Judgment (Doc. No. 13) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Doc. No. 14) were filed August 9, 2016.

The pending motions are now ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.  DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between August 2, 2011, and the date of his decision.[1]  (Tr. 21).  To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled.  20 C.F.R. § 404.1520(a).  The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled;  and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 32).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since August 2, 2011, his alleged disability onset date. (Tr. 23). At the second step, the ALJ found that lumbar degenerative disc disease, lumbar radiculopathy, chronic low back pain, lumbar herniated disc, obesity, COPD, diabetes mellitus, antisocial personality disorder, depression, and borderline intellectual functioning, were severe impairments.[2] (Tr. 23). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 25).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform light work activity, with the following limitations:

> He can occasionally balance, stoop or crouch. He needs to avoid concentrated exposure to extreme heat, fumes, and working around unprotected heights. He is limited to simple, routine, repetitive tasks.

(Tr. 27). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work as a construction worker and dump truck driver. (Tr. 32). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 32). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included production inspector, garment folder, and hand packer. (Tr. 33). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between August 2, 2011, and the date of his decision, January 28, 2015. (Tr. 33-34).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ's decision does not comply with the Mascio decision; (2) the ALJ erred by failing to properly evaluate and apply Plaintiff's functional illiteracy; and (3) the ALJ erred in his assessment of the psychological CE's opinion. (Doc. No. 12 at4). In this case, the undersigned is persuaded that the ALJ's assessment of Plaintiff's RFC is incomplete based on the Fourth Circuit's decision in Mascio v. Colvin, 780 F.3d 632 (2015). Since the Court will find that there is sufficient cause to remand for an ALJ to clarify how the limitations in Plaintiff's RFC satisfy Mascio, the undersigned will decline to address Plaintiff's other assignments of error. See Burnham v. Colvin, 1:15-CV-226-FDW, 2016 WL 3456934, at 3 (W.D.N.C. June 21, 2016).

**Applicability of Mascio v. Colvin**

In his first assignment of error, Plaintiff contends that the ALJ's decision does not comply with the Fourth Circuit's Mascio opinion. (Doc. No. 12 at 4). Plaintiff asserts that "when undergoing his analysis of the mental functional domains under the psychiatric review technique, [the ALJ] found that '[w]ith regard to concentration, persistence or pace, the claimant has moderate

difficulties.'" (Doc. No. 12 at 6). Plaintiff further asserts that "yet, when assessing Mr. Barnes' RFC, the only mental limitation he included was that he was 'limited to simple, routine, repetitive tasks.'" Id.

Plaintiff contends that the ALJ's decision is thus inconsistent with the Fourth Circuit's ruling in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015) that such a limitation in the RFC does not account for limitations in CPP:

> We agree with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.' Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

(Doc. No. 14 at 5-6).

Plaintiff contends that "although the ALJ's findings at steps two and three of the disability analysis may not automatically require an RFC that imposes additional limitations, the district courts, including this one, have repeatedly held that the ALJ must at least provide an explanation in the decision to allow the court to determine why no limitations as to CPP were included in the RFC despite the ALJ's finding that Plaintiff had moderate difficulties in CPP." (Doc. No. 12 at 5) (citing Scruggs v. Colvin, 3:14-CV-466-MOC, 2015 WL 2250890, at *5 (W.D.N.C. May 13, 2015)).

Plaintiff adds that the ALJ's "error was particularly harmful given there are several references in the record to interference with Mr. Barnes' CPP from chronic depression and pain." "Poor concentration is noted to be a symptom of his depression (Tr. 492) and the psychological

7

CE, Ms. Walker, predicated his ability to sustain attention on his pain being controlled." (Doc.t No. 12 at 6) (citing Tr. 355). Plaintiff concludes that this matter must be remanded. Id.

Defendant acknowledges the ALJ found that Plaintiff had moderate problems with CPP and that the RFC was limited only to simple, routine, repetitive tasks. (Doc. No. 14 at 5). Defendant further acknowledges that Mascio has been interpreted to "clearly impose[] on the Commissioner a duty" to explain why CPP difficulties do not translate into a functional limitation. Id. (citing Reinhardt v. Colvin, No. 3:14-CV-488-MOC, 2015 WL 1756480, at *3 (W.D.N.C. April 17, 2015)). Nevertheless, Defendant asserts that the ALJ provided a sufficient explanation to satisfy Mascio. Id.

Selectively emphasizing a few of the medical records, Defendant argues:

> In particular, although Plaintiff indicated on his November 2011 function report that he could not pay attention like before (Tr. 27, 270), he did not indicate that his conditions affected his concentration (Tr. 270). Further, as the ALJ noted, Dr. Reavis stated in her December 2011 psychological-consultative report that "[n]o problems were noted with attention or concentration" (Tr. 27, 348). Thus, the ALJ's finding regarding CPP was not principally related to any functional limitation regarding ability to stay on task. This is why the ALJ found, consistently with *Mascio*, that Plaintiff's CPP difficulties did not translate into a functional limitation. Indeed, the ALJ noted as part of his RFC analysis that, in December 2011, Plaintiff denied difficulty concentrating (*see* Tr. 29, 450).

(Doc. No. 14 at 5-6). Defendant also argues at some length that evidence in the record linked Plaintiff's ability to perform SRRTs to his pain – not to CPP difficulties based on Plaintiff's mental impairments. (Doc. No. 14 at 6).

The undersigned is not persuaded that the ALJ adequately accounted for Plaintiff's moderate limitations in concentration, persistence, and pace in his RFC finding. Pursuant to Mascio, the limitation to "simple, routine, repetitive tasks," without more explanation for how

Plaintiff's limitations affect his ability to work, is not adequate. (Tr. 36). As noted above, in Mascio, the Fourth Circuit opined that

> we agree with other circuits that an ALJ does not account "for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, **the ability to perform simple tasks differs from the ability to stay on task**. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

Mascio, 780 F.3d at 638. (Emphasis added).

Here, the ALJ's hypothetical to the VE and RFC finding limited Plaintiff to "[s]imple, routine, repetitive tasks;" however, the ALJ did not discuss Plaintiff's ability to stay on task and to work for a full workday. (Tr. 27-32, 77). Moreover, Defendant does not cite any caselaw that applies Mascio as Defendant seeks to apply that decision to this case. (Document No. 14). In short, the undersigned finds Plaintiff's position on this issue to be compelling. "[T]he ability to perform simple tasks differs from the ability to stay on task." Mascio, 780 F.3d at 638. The ALJ's failure to adequately address Plaintiff's limitations as to concentration, persistence, and pace frustrates meaningful review.

While Defendant may ultimately be correct that Plaintiff can perform work in the national economy, the undersigned finds that the ALJ's opinion is deficient based on the Fourth Circuit's decision in Mascio v. Colvin. See also Burnham v. Colvin, 1:15-CV-226-FDW, 2016 WL 3456934 (W.D.N.C. June 21, 2016); Kidd v. Colvin, 1:15-CV-208-GCM-DCK, 2017 WL 443469 (W.D.N.C. Jan. 10, 2017) aff'd by 2017 WL 442898 (W.D.N.C. Feb. 1, 2017); Boyd v. Berryhill, 3:16-CV-069-GCM-DCK, 2017 WL 1080926 (W.D.N.C. Feb. 22, 2017) aff'd by 2017 WL 1086334 (W.D.N.C. March 21, 2017); Shook v. Berryhill, 1:16-CV-105-DCK, 2017 WL 833060

9

(W.D.N.C. March 2, 2017); Brooks v. Berryhill, 5:16-CV-086-RLV-DCK, (W.D.N.C. March 8, 2017); and Mills v. Berryhill, 3:16-CV-598-DCK, 2017 WL 1682548 (W.D.N.C. Apr. 28, 2017). This error alone provides sufficient cause for remand.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Plaintiff's Motion For Summary Judgment (Doc. No. 11) is GRANTED in part and DENIED in part; Defendant's Motion For Summary Judgment (Doc. No. 13) is DENIED; and the ALJ's determination is REMANDED to the Commissioner for further proceedings consistent with this Order.

IT IS SO ORDERED.

Signed: September 20, 2017

Frank D. Whitney
Chief United States District Judge